UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| S. R. SEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:21-cv-00813-JHE |
| ) | |
| JOHN R. COOPER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION[1]**

On July 23, 2021, Plaintiff S. R. Sears ("Sears")[2] filed an amended complaint in this action against Defendants John R. Cooper ("Cooper") and Steven Troy Marshall ("Marshall"), alleging they deprived him of his constitutional rights by trespassing upon and condemning a portion of his property. (Doc. 7). Both Defendants have moved to dismiss the complaint based on lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 13). Sears opposes that motion, (doc. 20), and Defendants have filed a reply in support, (doc. 21). For the reasons discussed further below, the Rule 12(b)(1) motion to dismiss is **GRANTED**, and the Rule 12(b)(6) motion is **DENIED AS MOOT**.

**I. Legal Standard**

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 17).

[2] Sears is a licensed attorney, but is proceeding *pro se*.

375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Even when a party does not assert a jurisdictional challenge, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). Simply put, a federal court is powerless to act beyond its constitutional or statutory grant of subject-matter jurisdiction. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Regardless of how the issue came before the court, a plaintiff, as the party invoking jurisdiction, bears the burden of establishing the court's subject-matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A challenge to a court's subject-matter jurisdiction may come by way of a facial attack or a factual attack:

> Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.

*Garcia v. Copenhaver, Bell & Assocs., M.D.s*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citations omitted).

As discussed further below, Defendants' 12(b)(1) argument depends only on the allegations in the complaint. Therefore, it is a facial subject-matter jurisdiction attack, not a factual one, and the undersigned takes the allegations in the complaint as true. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

## II. Facts

Cooper is the director of Alabama's Department of Transportation ("ALDOT"). (Doc. 7 at 1). Marshall is Alabama's Attorney General. (*Id.*).

Sears owns portions of Lots 44 and 45 in Montevallo, Alabama. (*Id.* at ¶ 2). Both lots front on Montevallo's Main Street, which is part of Alabama Highway 119. (*Id.*). In 2002, ALDOT filed a condemnation against a portion of Lot 45 and was granted title to the condemned portion. (*Id.* at ¶ 3). However, it has not filed any action against Lot 44, and there are no recorded easements abutting Lot 44. (*Id.* at ¶¶ 4, 6).

On January 19, 2017, Defendants began to move Main Street sixteen feet eastward onto Sears' property, which the project supervisor had previously stated he would not do. (*Id.* at ¶ 1). This resulted in the destruction of sidewalks, plants, and a driveway (although the driveway was later restored), and a ditch excavated as part of this process has caused Sears' basement to flood. (*Id.* at ¶ 4).

Alleging a violation of the Fourth Amendment through 42 U.S.C. § 1983, Sears requests that the property be returned to him or for just compensation. (*Id.* at ¶ 7).

## III. Analysis

Both Defendants raise the same grounds for dismissal: (1) they are entitled to immunity under the Eleventh Amendment; (2) the Constitution's Full Faith and Credit Clause requires the court to give preclusive effect to the state court judgment referenced above; (3) Sears's complaint fails to meet federal pleading standards because it lacks sufficient facts and is a shotgun pleading; (4) both Defendants are entitled to qualified immunity; and (5) the suit is barred by the statute of limitations. (Doc. 13). The undersigned concludes that Eleventh Amendment immunity bars

Sears' claim, and declines to address the other grounds.[3]  *See Souto v. Fla. Int'l Univ. Found., Inc.*, 446 F. Supp. 3d 983, 989 (S.D. Fla. 2020) ("A motion to dismiss asserting the defense of Eleventh Amendment immunity presents a challenge to the court's subject matter jurisdiction."); *DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) (quoting *Boda v. United States*, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983)) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on *only* the jurisdictional grounds.") (emphasis in original).

The Eleventh Amendment to the United States Constitution provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  In general, the Eleventh Amendment applies to actions in federal court against a state, which includes actions brought against state officials sued in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citations omitted).

---

[3] Defendants appear to contend that the preclusion issue should be addressed as a subject-matter jurisdiction issue.  However, preclusion is an affirmative defense, and it does not implicate the court's subject-matter jurisdiction. *See* FED. R. CIV. P. 8(c)(1); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("Preclusion, of course, is not a jurisdictional matter."); *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1374 (11th Cir. 2011) (holding that the court had subject matter jurisdiction before analyzing *res judicata* issue).

That said, the undersigned would not address Defendants' preclusion arguments in the context of a Rule 12(b)(6) motion in any case.  Since Defendants rely on matters outside the pleadings—i.e., records from the state court lawsuit—to make out their claim, the undersigned would be required to convert the motion to a motion for summary judgment under Rule 56 to consider them. *See* Fed. R. Civ. P. 12(d); *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002).  Because the undersigned declines to consider the preclusion argument, the undersigned also declines to consider the evidence Defendants have submitted and will not convert the motion. *See Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them—there is no more formal step required.").

"[T]he Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally prohibit suits seeking only prospective injunctive or declaratory relief." *Summit Medical Associates, P.C. v. Pryor,* 180 F.3d 1326, 1337 (11th Cir. 1999).

Here, Sears acknowledges Defendants are sued in their official capacities. (Doc. 20 at 3, ¶ 11) ("Defendants are named in their representative capacities, as required by Alabama law."). He addresses Defendants' Eleventh Amendment argument only by denying the amendment applies to suits by a citizen against his own state. (*Id.*, ¶ 7). "Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases." *Abusaid v. Hillsborough City Bd. of City Comm'rs*, 405 F.3d 1298, 1303 (11th Cir. 2005) (citing *Hans v. Louisiana,* 134 U.S. 1 (1890)). *See also Reproductive Health Services v. Strange,* 3 F.4th 1240, 1255 (11th Cir. 2021) ("The Eleventh Amendment also bars suits against a state initiated by its own citizens."). Therefore, the Eleventh Amendment applies to Sears' claims, whether or not he is a citizen of Alabama.

Since Eleventh Amendment immunity applies, any claims Sears asserts for retrospective or compensatory relief are due to be dismissed. A review of the complaint and Sears' response indicates some of the relief he seeks is retrospective and/or compensatory. Specifically, Sears seeks "an order restoring the seized property to him, or for just compensation therefore, including the damages visited upon his remaining property, interest, and costs." (Doc. 7 at 2, ¶ 7). Sears reaffirms this in his response: "As for the invented 'confusion' about what plaintiff wants, the truth is simple: plaintiff either wants his property back, or to be paid for it." (Doc. 20 at 3, ¶ 17). Any claims for money damages for damage to Sears' property or just compensation for the property

allegedly taken are barred by the Eleventh Amendment.[4] *See Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1278 (11th Cir. 1998) (applying Eleventh Amendment immunity to takings claim).

Sears' request for an order restoring the property to him is somewhat different, as it seeks prospective and/or declaratory relief. In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court created an exception to Eleventh Amendment immunity allowing "state officials to be sued in their official capacities by plaintiffs 'seeking prospective equitable relief to end continuing violations of federal law.'"[5] *Reproductive Health Services*, 3 F.4th at 1255 (11th Cir. 2021). However, the Court has held that a claim for prospective equitable relief that is "the functional equivalent of a quiet title action implicating special sovereignty interests" is barred regardless of whether the relief it seeks is prospective. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 262 (1997). To the extent Sears seeks prospective relief in this case, his complaint raises the functional equivalent of a quite title action because it "would . . . resolve[], for all time, [Alabama's] property interests in

---

[4] Sears asserts his claim under the Fourth Amendment, arguing that amendment "specifically forbids . . . taking property without just compensation." (Doc. 20 at 1, ¶1). However, the Fourth Amendment concerns freedom from unreasonable searches and seizures. U.S. CONST. amend. IV. It is the Fifth Amendment that is concerned with takings without just compensation, which is the type of claim Sears alleges. *See Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2066 (2021) ("When the government physically acquires private property for a public use, the [Fifth Amendment's] Takings Clause imposes a clear and categorical obligation to provide the owner with just compensation."). This includes, potentially, Sears' claims of basement flooding. *See id.* at 2078 (citing *Arkansas Game and Fish Commission v. United States,* 568 U.S. 23 (2012)). That said, for Eleventh Amendment immunity purposes, it is not relevant which amendment applies.

[5] There are two other exceptions to the Eleventh Amendment: consent and abrogation. *Seminole Tribe of Fla. v. State of Fla.*, 11 F.3d 1016, 1021 (11th Cir. 1994), *aff'd sub nom. Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996). Neither applies here. The state has not consented to waive its sovereign immunity, and in fact Article I, Section 14, of the Alabama Constitution provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'" ALA. CONST. art. I, § 14. As for abrogation, "Congress has not abrogated states' immunity from § 1983 suits." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301-02 (11th Cir. 2007).

the disputed . . . land[,]" *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1340 (11th Cir. 1999).  Consequently, any prospective claims in Sears' complaint are also barred by the Eleventh Amendment and due to be dismissed.

### IV. Conclusion

For the reasons stated above, Defendants' Rule 12(b)(1) motion to dismiss is **GRANTED**, and Sears' claims are **DISMISSED WITHOUT PREJUDICE** as barred by the Eleventh Amendment.  Defendants' Rule 12(b)(6) motions are **DENIED AS MOOT**.

DONE this 28th day of March, 2022.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE